

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN CHISHOLM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-34** |
| **BARON KAYLO ET AL.** | **SECTION "K" (2)** |

### ORDER AND REASONS

Pro se plaintiff Brian Chisholm is a prisoner incarcerated in the Avoyelles Correctional Center ("AVC") in Cottonport, Louisiana. He filed the captioned lawsuit in forma pauperis pursuant to 42 U.S.C. § 1983 against AVC Warden Baron Kaylo and Gerald Williams, chaplain at AVC. Plaintiff alleges that his name was removed from the list of prisoners who are called out for Muslim services because he missed one such service. He claims that the warden and chaplain discriminate against Black Muslim inmates. Plaintiff seeks monetary damages and injunctive relief. Record Doc. No. 1, Complaint at ¶ IV and V.

DATE OF ENTRY **JAN 3 1 2000**

Because 42 U.S.C. § 1983 contains no specific venue provision, venue is determined under 28 U.S.C. § 1391, also known as the general venue statute. Jones v. Bales, 58 F.R.D. 453 (N.D. Ga. 1972), aff'd, 480 F. 2d 805 (5th Cir. 1973). The general venue statute at 28 U.S.C. § 1391(b) provides in pertinent part as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . ., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §§ 1406(a) and 1404(a) allow transfer of a case from one district to another district or division in which venue is proper, if such transfer is in the interest of justice. For example, transfer of a prisoner's case to the district in which his claims allegedly arose has recently been held proper by the United States Court of Appeals for the Fifth Circuit. Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1999).

In the instant matter, plaintiff claims that his cause of action arose in Avoyelles Parish and that defendants are employed at the Avoyelles Correctional Center in Cottonport, Louisiana, which is located within the geographical boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). No defendant resides or may be found within this district. All of the events that form the factual basis of plaintiff's cause of action occurred within Avoyelles Parish in the Western

District of Louisiana. The interest of justice to all parties dictates that venue is proper in the Western District of Louisiana. A magistrate judge is authorized to transfer a prisoner's complaint to another district. <u>Balawajder</u>, 160 F.3d at 1067.

It is therefore **ORDERED** that the instant matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

New Orleans, Louisiana, this 28th day of January, 2000.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE